FILED: JS
US DISTRICT COURT CLERK
WESTERN DISTRICT

**IN THE UNITED STATES DISTRICT COURT**
19 MAR 28 PH **FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE**

FILED: JS
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
19 MAR 28 PM 3: 29

| | | |
|---|---|---|
| **DONNA MARCUM**, on behalf of herself and all others similarly situated, | * | |
| | * | Case No. 3:19-CV-231-DJH |
| Plaintiff, | * | |
| | * | |
| vs. | * | **JURY DEMAND ENDORSED HEREON** |
| | * | |
| **LAKES VENTURE, LLC, d/b/a FRESH THYME FARMERS MARKET LLC,** | * | |
| | * | |
| Defendant. | * | |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT
## FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Now comes Donna Marcum ("Plaintiff"), individually and on behalf of others similarly situated, for her complaint against Lakes Venture, LLC, d/b/a Fresh Thyme Farmers Market LLC ("Fresh Thyme" or "Defendant"), for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to the Plaintiff's own conduct and are made on information and belief as to the acts of others. Plaintiff, individually and on behalf of others similarly situated, hereby state as follows:

### I.  JURISDICTION AND VENUE

1.  The Court has jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division.

## II.    THE PARTIES

3.    Plaintiff is an individual and United States citizen. At all times relevant herein, Plaintiff was employed by Defendant from approximately June 2016 until June 2017 as an hourly bakery employee.

4.    Plaintiff was a non-exempt employee of Defendant as defined in the FLSA.

5.    During her employment with Defendant, Plaintiff was not paid for all of her compensable hours worked due to a companywide meal period policy that resulted in the deduction of thirty (30) minutes per shift of five hours or more, and in which Plaintiff therefore did not receive a bona fide meal period. The companywide meal period policy resulted in unpaid overtime wages for the three (3) years preceding the filing of this Complaint.

6.    Plaintiff brings this action on behalf of herself and on behalf of those similarly situated and has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

7.    Defendant Fresh Thyme is a foreign limited liability company doing substantial business in this District.

8.    Defendant is a grocery store chain with locations in at least eleven (11) states, including Iowa, Illinois, Indiana, Kentucky, Michigan, Minnesota, Missouri, Nebraska, Ohio, Pennsylvania, and Wisconsin.[1]

9.    Defendant was and is actively doing business in this judicial district during all times relevant. At all times relevant, Defendant has been an "employer" as that term is defined by the FLSA.

---

[1] *See* https://www.freshthyme. com/our-stores/ (last visited May 6, 2018); and https://www.freshthyme.com/# (Locations) (last visited March 19, 2019).

10.     During relevant times, Defendant maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

11.     Upon information and belief, Defendant operated/operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

12.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the FLSA.

## III.     STATEMENT OF FACTS

13.     During relevant times, Fresh Thyme has had a companywide meal break policy that requires all hourly, non-exempt employees, including Plaintiff, to clock out for thirty (30) minutes once the employees have worked five (5) hours per day (hereinafter called "Meal Deduction Policy"). Specifically, the policy states as follows:

"2-4. Meal and Break Period:

Employees are provided meal and break periods as required by applicable law. Your Manager will provide further details. For employees scheduled more than five (5) hours in one day, the Company policy requires these employees to take a 30-minute unpaid break. This mandatory break must be taken by the beginning of the fifth hour worked. Employees may receive a paid 10-minute break for every four (4) hours worked."

14.     Within the past three (3) years preceding the filing of this Complaint, Plaintiff and other similarly situated employees regularly worked over (40) hours per week.

15. During all times relevant, Plaintiff and other similarly situated employees were not paid time-and-a-half ("overtime rate") for all hours worked in excess of forty (40) resulting in unpaid overtime wages and other wages owed because of Defendant's companywide Meal Deduction Policy and/or practice whereby Defendant requires hourly, non-exempt employees to clock out for thirty (30) minutes by the fifth hour worked. Defendant deducts this time from its hourly, non-exempt employees' compensable time even though employees did/do not receive an uninterrupted meal period in the amount of 30 minutes each shift.

16. During the relevant time period, Defendant applied the same pay practices and policies to all hourly, non-exempt employees, including Plaintiff.

17. During the previous three (3) years preceding this Complaint, Plaintiff and other similarly situated employees were not paid for all of their compensable hours worked due to the aforementioned Meal Deduction Policy even though employees did not receive an uninterrupted meal period because they continued to perform substantial job duties on behalf of Defendant even though they were "clocked out" during the purported meal period.

18. Plaintiff was an hourly, non-exempt employee of Defendant as defined in the FLSA because she was paid on an hourly basis during all times relevant.

19. Further, with the exception of employees at the Store Director level and above, Defendant paid their employees on an hourly basis. Defendant also pays its employees on a weekly basis.

20. With the exception of employees at the Store Director level and above, Fresh Thyme hourly, non-exempt employees are only paid for hours worked during the workweek ("Hourly, Non-exempt FT Employees").

21.     Plaintiff and other similarly situated employees were not guaranteed a predetermined amount on a weekly basis.

22.     Plaintiff and other similarly situated employees' pay were subject to reduction because of variations in the quantity of work performed.

23.     Defendant knew or should have been aware that Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek, but willfully elected not to compensate them for all hours worked in excess of forty (40) during the three (3) years preceding the filing of this Complaint because of the preceding policies.

24.     Defendant's failure to pay Plaintiff and similarly situated employees for all hours worked because of the preceding policies described above resulted in unpaid wages, including overtime wages, liquidated damages, costs, and attorneys' fees.

## IV. COLLECTIVE ACTION ALLEGATIONS

### A.   216(b) Collective Action for Unpaid Overtime and Other Wages.

25.     Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former hourly employees of Defendant who worked over 40 hours in any workweek and were not fully compensated for all hours worked because they were unable to take an uninterrupted meal break of thirty (30) minutes for the period beginning three (3) years immediately preceding the filing of this Complaint (the "§216(b) Class" or the "§216(b) Collective Members").

26.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Plaintiff, numerous putative §216(b) Collective Class Members have been denied proper overtime wages due to Defendant's

company-wide payroll policies and practices. Plaintiff is representative of those other similarly situated employees and is acting on behalf of her interests as well as their own in bringing this action.

27.     These FLSA claims are brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Plaintiff, numerous putative §216(b) Collective Class Members have been denied proper overtime wages due to Defendant's companywide payroll policies and practices. Plaintiff is representative of herself and those other similarly situated employees with respect to the §216(b) Class.

28.     The identity of the putative §216(b) Collective Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime wages, liquidated damages, attorneys' fees and costs under the FLSA.

29.     The net effect of Defendant's policies and practices is that Defendant willfully failed to pay overtime wages and maintain proper recordkeeping. Thus, Defendant enjoyed substantial ill-gained profits at the expense of the Plaintiff and the §216(b) Class Members.

## V.     CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

30.     All of the preceding paragraphs are realleged as if fully rewritten herein.

31.     This claim is brought as part of a collective action by the Plaintiff on behalf of herself and the § 216(b) Class.

32.     During the three (3) years preceding the filing of this Complaint, Defendant employed the Plaintiff and the § 216(b) Collective Members.

33.     Plaintiff and the § 216(b) Collective Members were paid on an hourly basis.

34.     Plaintiff and the § 216(b) Collective Members primarily performed non-exempt job duties.

35.     Plaintiff and the § 216(b) Collective Members worked in excess of 40 hours in a workweek.

36.     The FLSA requires that non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

37.     Plaintiff and the § 216(b) Collective Members were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.1, *et seq*.

38.     Plaintiff and the § 216(b) Collective Members were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR § 541.301.

39.     Plaintiff and the § 216(b) Collective Members worked in excess of forty (40) hours per week during the three (3) years preceding the filing date of this lawsuit.

40.     Plaintiff and the § 216(b) Collective Class Members should have been paid the overtime premium for all hours worked in excess of forty (40) hours per workweek.

41.     Defendant violated the FLSA with respect to Plaintiff and the §216(b) Collective Members by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates

of pay for all hours worked over forty (40) hours in a workweek because of the Meal Deduction Policy.

42.     Accordingly, Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff and the § 216(b) Collective Members are entitled.

43.     The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the § 216(b) Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

44.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable.  In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendant's willful failure and refusal to pay overtime wages.

## VI.    **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and other members of the § 216(b) Collective Class pray for an Order as follows:

A.     Certifying the proposed FLSA collective action;

B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Collective Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.     A declaratory judgment that Defendant's recordkeeping policies and practices alleged herein violate the federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2, *et*

*seq.*, and that Plaintiff, the 216(b) Collective Class Members are entitled to prove their hours worked with reasonable estimates;

D.      A declaratory judgment that Defendants' wage and hour policies and/or practices as alleged herein violate the FLSA;

E.      An order for injunctive relief ordering Defendant to end all of the illegal wage policy and practice alleged herein pursuant to the FLSA and attendant regulations and requiring Defendant to follow such laws going forward;

F.      Judgment against Defendant for damages for all unpaid overtime compensation owed to Plaintiff and the § 216(b) Collective Class during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

G.      Judgment against Defendant for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and all other similarly situated employees during the applicable statutory period;

H.      Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

I.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

J.      Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

K.      Such other and further relief as to this Court may deem necessary, just or proper.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (OH Bar 0085586)*
**Coffman Legal, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Robi J. Baishnab*
Robi J. Baishnab (OH Bar 0086195)*
**NILGES DRAHER LLC**
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Fax:        (330) 754-1430
Email:      rbaishnab@ohlaborlaw.com

Hans A. Nilges (OH Bar 0076017)*
Shannon M. Draher (OH Bar 0074304)*
**NILGES DRAHER LLC**
7266 Portage Street, NW, Suite D
Massillon, Ohio 44646
Telephone: (330) 470-4428
Fax:        (330) 754-1430
Email:      hans@ohlaborlaw.com
               sdraher@ohlaborlaw.com

*/s/ Daniel I. Bryant*
Daniel I. Bryant (OH Bar 0090859)*
**BRYANT LEGAL, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Telephone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*(pro hac vice anticipated)*

*Attorneys for Plaintiff and those similarly situated*

## **JURY DEMAND**

Plaintiff hereby demand a jury trial of twelve (12) persons to hear all issues so triable.

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman