UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00231-GNS-LLK

DONNA MARCUM,
On behalf of herself and all others similarly situated                                          PLAINTIFF

v.

LAKES VENTURE, LLC
d/b/a Fresh Thyme Farmers Market, LLC                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Conditional Certification (DN 16),

Plaintiff's Motion for a hearing on Conditional Certification (DN 30), and Defendant's Motions

for Leave (DN 33; DN 34).  For the reasons stated below, the motion for conditional certification

is **GRANTED**, and the remaining motions are **DENIED**.

## I.        BACKGROUND

This action is brought as a collective action to recover unpaid compensation allegedly owed

to Plaintiff pursuant to the Fair Labor Standards Act ("FLSA").   Plaintiff Donna Marcum

("Plaintiff") brings this claim individually and on behalf of others similarly situated.  (Compl. ¶ 6,

DN 1).  Defendant Lakes Venture, LLC ("Defendant") conducts business as Fresh Thyme Farmers

Market, LLC.  (Compl. ¶¶ 7-8, DN 1).

Plaintiff has moved for conditional class certification, which Defendant has opposed.  (Pl.'s

Mot. Conditional Certification, DN 16; Def.'s Resp. Pl.'s Mot. Conditional Certification, DN 25

[hereinafter Def.'s Resp.]).  Plaintiff has responded to Defendant's opposition to certification.

(Pl.'s Reply Mot. Conditional Certification, DN 28 [hereinafter Pl.'s Reply]).  Finally, Defendant

requests leave to respond to Plaintiff's reply, and Plaintiff requests a hearing on the issue of

certification.  (Def.'s Mot. Leave, DN 34; Pl.'s Mot. Oral Argument, DN 30).  These motions are ripe for adjudication.

## II.      JURISDICTION

This action arises under the laws of the United States and the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.      STANDARD OF REVIEW

Class actions under 29 U.S.C. § 216(b) require that:  "1) the plaintiffs must actually be similarly situated, and 2) all plaintiffs must signal in writing their affirmative consent to participate in the litigation."  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (internal quotation marks omitted) (citations omitted).  "Unlike class actions under Fed. R. Civ. P. 23, collective actions under FLSA require putative class members to opt into the class," and "[t]hese opt-in employees are party plaintiffs, unlike absent class members in a Rule 23 class action." *O'Brien v. Ed Donelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009) (internal citation omitted) (citation omitted), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).  Therefore, the Court's task is to "first consider whether plaintiffs have shown that the employees to be notified" of the collective action "are, in fact, similarly situated."  *Comer*, 454 F.3d at 546 (6th Cir. 2006) (internal quotation marks omitted) (citation omitted).

As this Court has explained:

> Courts have used a two-phase inquiry when determining whether employees are similarly situated.  The first phase takes place at the beginning of discovery. Authorization of notice requires only a "modest factual showing" that the plaintiff's "'position is similar, not identical, to the positions held by the putative class members.'"  At this stage, courts generally consider the pleadings and any affidavits which have been submitted.

*Hathaway v. Shawn Jones Masonry*, No. 5:11-CV-121, 2012 WL 1252569, at *2 (W.D. Ky. Apr. 13, 2012) (internal citations omitted) (citation omitted).  The initial certification is "conditional

and by no means final." *Comer*, 454 F.3d at 546 (internal quotation marks omitted) (citation omitted).

If the plaintiffs meet this burden, then "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Id.* (citation omitted). The Court must ensure that a "timely, accurate, and informative" notice is sent to properly notify the class of the proposed claim. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 166 (1989).

## IV.    DISCUSSION

Plaintiff brings a motion for conditional certification, within the "first phase" of class certification. Therefore, the Court uses the "fairly lenient" standard set forth by the Sixth Circuit in determining whether the class is made up of similarly situated Plaintiffs. *Comer*, 454 F.3d at 547 (citation omitted). The Court must then determine whether Plaintiffs' proposed notice form is "timely, accurate, and informative" properly notifying the potential class. *Hoffman*, 493 U.S. at 166.

### A.    Class Certification

Plaintiff seeks to certify a class of hourly employees of Defendant employed in the past three years who were denied payment for overtime hours. (Pl.'s Mem. Supp. Mot. Conditional Certification 3, DN 16 [hereinafter Pl.'s Mem.]). Plaintiff contends the class is similarly situated under Section 216(b) because all hourly employees suffered from Defendant's "companywide Meal Deduction Policy" requiring them all to clock out for a 30-minute lunch break but continue working. (Pl.'s Mem. 4). Plaintiff at the very least has made a "modest factual showing" of a similarly situated class. *See Comer*, 454 F.3d at 546.

Defendant opposes the motion on the basis that Plaintiff has not shown that the potential class members are similarly situated as victims of a single policy or plan. (Def.'s Resp. 20). However, Plaintiff and two other employees of Defendant provided declarations stating there was a company-wide "Meal Deduction Policy" that required employees at their store to clock out for a lunch break, but regularly perform work during that time. (Marcum ¶¶ 7-9, DN 16-1; Vanderwiele ¶¶ 7-9, DN 16-2; Bryant ¶¶ 9-11, DN 16-3). All three also stated they knew others in their store had suffered under the same policy because it was a company-wide policy, they had spoken with other employees about the policy, and had observed other employees while working alongside them daily. (Marcum ¶ 15; Vanderwiele ¶ 18; Bryant ¶ 19).

Evidence of what each witness observed in their stores is relevant and admissible evidence of a similarly situated class. *See Hathaway*, 2012 WL 1252569, at *3 ("As *evidence* that other Laborers were subject to the same requirement, Plaintiff states that he *personally observed* other Laborers drive from homes that were closer to the work sites in order to report to the more distant Murray facility before riding in the company vehicle to the work site." (emphasis added)). This admissible evidence is sufficient to satisfy the "fairly lenient" standard employed at the initial phase of conditional certification. *See Comer*, 454 F.3d at 547.

Defendant contends that Plaintiff has not shown a widespread discriminatory plan by failing to provide evidence of deviations from outside Plaintiff's store or department. (Def.'s Resp. 21-22). Defendant owns and operates several stores that undoubtedly may have different departments with employees performing discrete functions. However, this Court has previously certified a class where the employees' job duties and their titles differed substantially. *See Bassett v. Tenn. Valley Auth.*, No. 5:09-CV-39, 2013 WL 665068, at *2-9 (W.D. Ky. Feb. 22, 2013) (certifying a class that included heavy equipment operators, a construction foreman, contracted

laborers, a regional manager, a dual-rate foreman, and a crane and bulldozer operator).  Plaintiff

is only obligated to show that the potential class of employees is similar, not identical.  *See Green*

*v. Platinum Rests. Mid-Am., LLC*, No. 3:14-CV-439-GNS, 2015 WL 6454856, at \*2 (W.D. Ky.

Oct. 26, 2015) (citing *Bassett*, 2013 WL 665068, at \*2-9).  Plaintiff has done enough here, at the

conditional certification stage, to show a group of similarly situated employees subject to the same

general corporate policies.

Defendant further argues that Plaintiff has not identified any other potential plaintiffs

interested in joining her suit.  (Def.'s Resp. 20).  Plaintiff, however, has no obligation to show

whether potential class members will join at this stage; that is why notice is sent out following

conditional certification.  *See Johnston v. J&B Mech., LLC*, No. 4:17-CV-00051-JHM, 2017 WL

3841654, at \*3 (W.D. Ky. Sept. 1, 2017) ("[T]he purpose of the conditional certification stage is

not to determine if potential plaintiffs will join, but to actually give them notice of the pending

collective action so they can decide whether to opt-in to the lawsuit.").  Requiring Plaintiff to show

potential class members already informed and prepared to opt in before notice is sent out would

be counterintuitive.

Finally, Defendant argues a vast majority of employees to whom Plaintiff seeks to send

notice as potential class members signed Arbitration Agreements, are not potential Plaintiffs, and

therefore should not be sent notice of the class.  (Def.'s Resp. 17).  It does not appear the Sixth

Circuit has directly addressed this issue.  Plaintiff cites *Taylor v. Pilot Corp.*, 697 F. App'x 854

(6th Cir. 2017), but the Sixth Circuit declined to answer this there.  *Id.* at 858 ("Pilot primarily

wants this court to hold that the district court erred in "conditionally certifying" Taylor's class,

and thus in approving notice to its employees with arbitration agreements.  But it appears that we

cannot reach the merits of that question due to a jurisdictional roadblock.  And Pilot never quite

finds a satisfactory way around it."). Defendant cites *Freeman v. Easy Mobile Labs*, No. 1:16-CV-00018-GNS, 2016 WL 4479545 (W.D. Ky. Aug. 24, 2016), to support its proposition that class certification should be denied. However, in *Freeman* the named plaintiff had signed an arbitration agreement, whereas here the named Plaintiffs here have not. *See id.* at *1 ("Freeman does not dispute she signed an at-will employment agreement . . . with EML and that the Agreement contained an arbitration provision.").

The Court is inclined to permit conditional certification and address the issue of arbitration agreements for persons opting into the lawsuit at a later date. Plaintiff is only obligated to make a "modest factual showing" that the potential class is similar, not identical. *Hathaway v. Shawn Jones Masonry*, No. 5:11-CV-121, 2012 WL 1252569, at *2 (W.D. Ky. Apr. 13, 2012) (internal citations omitted) (citation omitted). Analyzing individual arbitration agreements goes beyond what is required at this stage. *See Truesdell v. Link Snacks, Inc.*, No. 3:14-CV-551, 2015 WL 5611652, at *3 (W.D. Ky. Sept. 23, 2015) ("[A]t this point, it is premature to exclude putative class members who have signed a collective action waiver. Potential class members that signed a collective action waiver should be given the appropriate notice.").

Conditional certification is not a final ruling on class certification. *Comer*, 454 F.3d at 546 (citation omitted). Once the Court has more information as to which employees opt in and which employees may have signed an arbitration agreement, the determination of whether the class is similarly situated can be revisited. For these reasons, the Court will grant the motion and conditionally certify the class.

Plaintiff has also requested a hearing on the motion for conditional certification. (Pl.'s Mot. Hr'g, DN 30). Because a hearing is unnecessary, the motion will be denied.

**B.**      **Defendant's Motions for Leave**

Defendant has moved for leave to file a sur-reply. (Def.'s Mot. Leave, DN 33; Def.'s Am. Mot. Leave, DN 34). Neither the Federal Rules of Civil Procedure nor the Court's local rules permit the filing of sur-replies. "As many courts have noted, '[s]ur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (citation omitted).

While Defendant argues that the Court should permit a sur-reply because Plaintiff's reply "raises new arguments," Plaintiff's notice and consent forms were included as exhibits in Plaintiff's Motion for Conditional Certification. (Def.'s Am. Mot. Leave 1, DN 34; Pl.'s Mot. Conditional Certification Ex. D, DN 16-4; Pl.'s Mot. Conditional Certification Ex. E, DN 16-5). Defendant had the opportunity to object to the notice and consent forms in its response but failed to do so. Accordingly, this motion will be denied.

**C.**      **Proposed Notice**

After determining that conditional certification is warranted, the Court must address the substance of the notice to be sent to similarly situated employees. *See Comer*, 454 F.3d at 546 ("The district court may use its discretion to authorize notification of similarly situated employees to allow them to opt in to the lawsuit."). The Court must use its discretion to determine whether Plaintiff's proposed notice provides "timely, accurate, and informative" notice to the proposed class. *Hoffman*, 494 U.S. at 166.

First, the process for providing notice should be altered to provide notice through U.S. Mail exclusively. Plaintiff argues that the notice should be sent through mail and email, stating this is "the current nationwide trend" for providing notice. (Pl.'s Mot. 20). However, Plaintiff does not

add anything or explain why traditional mail will not suffice.  Because Plaintiffs have provided no reasoning as to why traditional mail will not effectively provide notice to potential plaintiffs, mail distribution is more appropriate in this case.[1]  *See Rogers v. Webstaurant, Inc.*, No. 4:18-CV-00074, 2018 WL 4620977, at *5 (W.D. Ky. Sept. 26, 2018) (denying request to send notice through email because of a lack of support for the request); *see also Tassy v. Lindsay Ent. Enters., Inc.*, No. 3:16-CV-00077-TBR, 2017 WL 938326, at *5 (W.D. Ky. Mar. 9, 2017), *rev'd on other grounds*, No. 17-5338, 2018 WL 1582226 (6th Cir. Feb. 22, 2018) (denying request to post notice in the defendant's place of business).

Next, Plaintiff proposes a 90-day opt-in period in her notice.  (Pl.'s Mot. Conditional Certification Ex. D, at 2).  As this Court has previously noted, "[t]he standard in FLSA cases in this jurisdiction is . . . sixty days."  *Green*, 2015 WL 6454856, at *4 (citation omitted).  Therefore, the opt-in period will be 60 days.

Finally, an instruction informing potential plaintiffs that they could be liable to Defendant for attorneys' fees if the litigation is unsuccessful is warranted.  "Warnings of that sort appear to be regularly endorsed in this Circuit."  *Tassy*, 2017 WL 938326, at *5 (citations omitted).  This language ensures potential class members receive adequate notice allowing them to make an informed decision regarding this suit.

---

[1] Because notice will be provided by mail, it is unnecessary for Defendant to be required to provide the email address or phone numbers of potential plaintiffs or class members. *See Tassy*, 2017 WL 938326, at *5 (citing *Young v. Hobbs Trucking Co., Inc.*, No. 3:15-CV-991, 2016 WL 3079027, at *3 (M.D. Tenn. June 1, 2016)) (stating there is little justification to require email addresses after limiting distribution of notice to first-class mail).

## V.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.      Plaintiff's Motion for Conditional Class Certification (DN 16) is **GRANTED**.

2.      Plaintiff's Motion for a Hearing (DN 30) and Defendant's Motions for Leave (DN 33, 34) are **DENIED**.

3.      The Court **ADOPTS** the proposed notice form with modifications, and **ADOPTS** the proposed consent form.  A sample of the approved notice form is attached to this Memorandum Opinion and Order.

Greg N. Stivers, Chief Judge
United States District Court

November 24, 2020

cc:     counsel of record

## NOTICE OF COLLECTIVE ACTION LAWSUIT

*Marcum v. Lake Venture, LLC d/b/a Fresh Thyme Farmers Market, LLC*, No. 3:19-CV-00231

TO:    Putative Class Member

RE:    Fresh Thyme Farmers Market lawsuit

### PLEASE READ THIS NOTICE CAREFULLY

### I.    INTRODUCTION

This notice informs you of the existence of a collection action lawsuit, similar to a class action. This notice advises you of how your rights may be affected by this lawsuit and describes how to participate in the lawsuit by joining as a party if you choose to.

### II.    DESCRIPTION OF THE LAWSUIT

An individual ("Plaintiff") who worked as an hourly employee for Fresh Thyme Farmers Market, LLC ("Fresh Thyme") filed a lawsuit alleging that she and other hourly Fresh Thyme employees regularly worked more than 40 hours per workweek, but were not paid all overtime wages under the Fair Labor Standards Act ("FLSA") because they were required to clock out for 30-minute lunch breaks but continued working.  The lawsuit is styled *Donna Marcum, on Behalf of Herself and All Others Similarly Situated, v. Lakes Venture, LLC d/b/a Fresh Thyme Farmers Market, LLC*, No. 3:19-CV-231-GNS-LLK, in the U.S. District Court for the Western District of Kentucky, Louisville Division (the "Case").

Fresh Thyme denies that it violated the FLSA or owes any back-overtime wages.

The Court has not yet decided who will win, and has not taken any position on the merits of the claims.  The Court also expresses no opinion as to whether you or anyone else should join the lawsuit.

### III.    ELIGIBILITY TO JOIN THE LAWSUIT

If you are receiving this notice, Defendants' records indicate that during the time period of [three years preceding the date the Court grants cert to the present] you were employed by Defendant and it is possible you are eligible to join the lawsuit.  However, the Court will make the final determination of your eligibility.

### IV.    HOW TO JOIN THE LAWSUIT

You must complete the enclosed consent form and return it by mail, fax, or email to the attorneys listed in the next section.  Please note that you are not a member of the overtime pay Case until you return the enclosed consent form and the form is filed with the Court by the attorneys.  If you return/submit the consent form, you will be represented by the following attorneys:

<table>
<tr><td>Shannon Draher</td><td>Matthew J.P. Coffman</td></tr>
<tr><td>Nilges, Draher, LLC</td><td>Coffman Legal, LLC</td></tr>
<tr><td>7266 Portage St., N.W., Ste. D</td><td>1550 Old Henderson Rd., Ste. 126</td></tr>
<tr><td>Massillon, OH 44646</td><td>Columbus, Ohio 43220</td></tr>
<tr><td>(330) 470-4428 phone</td><td>(614) 949-1181 phone</td></tr>
<tr><td>(330) 754-1430 fax</td><td>(614) 386-9964 fax</td></tr>
<tr><td>sdraher@ohlaborlaw.com</td><td>mcoffman@mcoffmanlegal.com</td></tr>
</table>

If you decide to join the Case, complete and return the signed consent form to attorneys listed above.  The signed consent form must be filed by the attorneys with the Court no later than [insert date for 60 day notice period] in order for you to join.

If you do not wish to be a party to this lawsuit, you need not do anything.  The decision whether to join or not is entirely yours.

## V.       EFFECT OF JOINING THE LAWSUIT

If you are an appropriate class member who has timely returned the enclosed consent form you will be bound by any judgment, whether it is favorable or unfavorable in the case.  If the Federal Court finds in favor of Plaintiff or if the parties reach a settlement that the Federal Court approves, you will receive a money payment.  If the Federal Court finds in favor of Defendant, you will receive nothing, or could be held responsible for a portion of Defendant's litigation expenses.

## VI.       EFFECT OF NOT JOINING THE LAWSUIT

You have no obligation to join the case.  If you do not join the lawsuit, you will not be affected by any judgment or settlement resulting from the lawsuit.  This means that you give up the possibility of getting money or benefits that may come from a trial or settlement in the lawsuit if the claims made on behalf of the collective are successful.  By not joining the lawsuit, you keep any rights to file your own suit against Defendant about the same legal claims in this lawsuit; however, the limitations period on your legal claims will continue to run until you do.

## VII.       NO RETALIATION PERMITTED

Federal law prohibits Fresh Thyme from retaliating against you for joining this Case.

## VIII.       FURTHER INFORMATION

If you would like further information about this Notice or the lawsuit, please call one of the attorneys listed above.

**THIS NOTICE HAS BEEN AUTHORIZED BY UNITED STATES DISTRICT JUDGE GREG N. STIVERS.  THE JUDGE HAS TAKEN NO POSITION REGARDING THE LAWSUIT'S MERITS. PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE OR THE LAWSUIT.**