UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00231-GNS-LLK

DONNA MARCUM, on behalf of herself
and others similarly situated                                                                    PLAINTIFF

v.

LAKES VENTURE, LLC d/b/a
FRESH TYME FARMERS MARKET                                                        DEFENDANT

# ORDER

This matter is before the Court on Defendant's Emergency Motion for Stay and Motion to Certify Interlocutory Appeal (DN 43), and Plaintiff's Motion for Show Cause Order (DN 47). The motions are ripe for adjudication. For the reasons stated below, the motions are **DENIED**.

## I.     DISCUSSION

### A.     **Defendant's Emergency Motion for Stay and Motion to Certify Interlocutory Appeal**

While the nature of the emergency is unclear, Defendant seeks to stay this matter and certification of the Court's prior interlocutory ruling conditionally certifying the putative class for an immediate appeal to the Sixth Circuit. This motion is not well-taken.

District Courts may certify an order for interlocutory appeal that would not otherwise be appealable if "the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). While parties may appeal final judgments from district court, piecemeal appeals of non-final judgments are the exception

and are generally disfavored. *See Innovation Ventures, LLC v. Custom Nutrition Labs., LLC*, 912 F.3d 316, 327 (6th Cir. 2018) ("Appellate courts have jurisdiction to hear 'appeals from all final decisions of the district courts.' A decision is final for the purposes of § 1291 if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' This 'firm finality principle [is] designed to guard against piecemeal appeals.'" (internal citations omitted) (citation omitted)); *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 618 (6th Cir. 2013) ("The Supreme Court has cautioned lower courts to construe exceptions to § 1291 narrowly, so as not to 'swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered.'" (citing *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)). Defendant has failed to show that this is one of the limited situations where an interlocutory appeal is appropriate.

In its prior Memorandum Opinion and Order, the Court preliminary certified the class and deferred addressing the extent to which Defendant's employees would not be permitted to pursue their FLSA claims in this forum because of arbitration agreements. (Mem. Op. & Order 5-6, DN 42). This Court is not alone in adopting this approach. Numerous sister courts within the Sixth Circuit have taken the same approach. *See, e.g.*, *Holmes v. Kelly Servs. USA, LLC*, No. 16-cv-13164, 2017 WL 1077987, at *4 (E.D. Mich. Mar. 22, 2017) (noting that "courts have consistently held that the existence of arbitration agreements is irrelevant to collective action approval because it raises a merits-based determination." (quoting *Romero v. La Revise Assocs., LLC*, 968 F. Supp. 2d 639, 647 (S.D.N.Y. 2013))); *Weisgarber v. N. Am. Dental Grp., LLC*, No. 4:18CV2860, 2020 WL 1322843, at *6 (N.D. Ohio Mar. 20, 2020) ("Defendants also seek the Court's leave to brief the issue of OMs who may opt-in to the collective action that have signed arbitration agreements. Defendants further acknowledge that neither Plaintiff nor the opt-in have signed arbitration

agreements. Defendants' request is premature. . . . The proper route 'is to decide whether to certify the class without considering the possibility of arbitration and then decide who must arbitrate. If it turns out that some potential class members must arbitrate, the Court can always decertify, subclassify, or otherwise alter the class later.'" (internal citations omitted) (citing *Holmes*, 2017 WL 1077987, at \*4)); *Thomas v. Papa John's Int'l, Inc.*, No. 1:17cv411, 2019 WL 4743637, at \*4 (S.D. Ohio Sept. 29, 2019) ("[T]he Court will permit notice to be sent to those employees subject to an arbitration agreement with the recognition that the agreements' enforceability will have to be determined at a later stage in the litigation."); *Hammond v. Floor & Decor Outlets of Am., Inc.*, No. 3:19-cv-01099, 2020 WL 6459641, at \*13 (M.D. Tenn. Nov. 3, 2020) ("[F]or those putative employees for whom [the defendant] cannot produce a signed agreement or acknowledgment, it cannot make a *prima facie* showing of the existence of a binding arbitration agreement, at least for purposes of providing notice of the collective action at this stage of the litigation."); *Crosby v. Stage Stores, Inc.*, 348 F. Supp. 3d 742, 754 (M.D. Tenn. 2018) ("[T]he Court concludes that, contrary to Stage's argument, employees who have acknowledged Stage's Dispute Resolution Program and Mutual Arbitration Agreement should still be provided notice and an opportunity to opt-in, as determining whether Stage's arbitration program precludes a putative class member from joining the action is inappropriate at the class certification stage." (citing *Romero*, 968 F. Supp. 2d at 647)); *Taylor v. Pilot Corp.*, No. 14-cv-2294-SHL-tmp, 2016 WL 4524310, at \*2 (W.D. Tenn. Mar. 3, 2016) ("[I]t is premature to consider the issue of arbitration at this stage, and thus the putative class, as currently defined, still meets the requirements of conditional certification. Therefore, the Court need not reconsider its conditional certification.").

For these reasons, Defendant is not entitled to an interlocutory appeal of the Court's prior ruling. The motion will be denied.

### B. Plaintiff's Motion for Show Cause Order

While the Court has denied Defendant's motion, the Court declines to issue a show cause order at this time. Plaintiff's motion will also be denied.

### II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Emergency Motion for Stay and Motion to Certify Interlocutory Appeal (DN 43), and Plaintiff's Motion for Show Cause Order (DN 47) are **DENIED**. The parties shall forthwith comply with Court's prior Memorandum Opinion and Order (DN 42).

Greg N. Stivers, Chief Judge
United States District Court

February 10, 2021

cc: counsel of record