IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| **DONNA MARCUM**, on behalf of herself and all others similarly situated, | ) ) ) | CASE NO. 3:19-cv-231-GNS-LLK |
| Plaintiff, | ) ) | **CHIEF JUDGE GREG N. STIVERS** |
| v. | ) ) | **MAGISTRATE JUDGE LANNY KING** |
| **LAKES VENTURE, LLC, d/b/a FRESH THYME FARMERS MARKET LLC,** | ) ) ) ) | **ORDER GRANTING APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT AND DISMISSAL** |
| Defendant. | ) ) | |

Representative Plaintiff Donna Marcum ("Representative Plaintiff"), on behalf of herself and of the putative collective members, and Defendant Lakes Venture, LLC d/b/a Fresh Thyme Farmers Market, LLC ("Fresh Thyme" or "Defendant") (collectively, the "Parties") have moved the Court to approve settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to approve the requested Service Award (as defined and outlined in the Collective Action Settlement Agreement and Release (the "Settlement Agreement"), a copy of which was attached as Exhibit 1 to the Parties' Joint Motion for Approval of FLSA Collective Action Settlement, and to approve Plaintiffs' Counsel's requested fees and expenses (as agreed, defined, and outlined in the Settlement Agreement).

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion, the Declaration of Robi J. Baishnab appended thereto, and the pleadings and papers on file in this case (the "Action"), and for good cause established therein, the Court hereby approves settlement of the FLSA claims as provided in the Settlement Agreement as follows:

1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Settlement Agreement.

2. On March 28, 2019, Representative Plaintiff filed this action in the United States District Court for the Western District of Kentucky, on behalf of herself and a putative class of alleged similarly situated employees, in which Representative Plaintiff asserted collective and class claims alleging, inter alia, that Defendant failed to pay her and all similarly situated employees overtime for all hours worked in excess of 40 in a workweek in violation of the FLSA. Specifically, Representative Plaintiff asserted claims for unpaid overtime, arising from Defendant's alleged lunch break policy that allegedly caused Representative Plaintiff and Opt-in Plaintiffs (collectively "Plaintiffs") to perform compensable work through unpaid 30-minute lunch breaks which allegedly resulted in overtime violations in weeks worked in excess of 40 hours.[1]

3. On June 3, 2019, Defendant filed its Answer, in which it denied and continues to deny all material allegations asserted in the action, further denied that it violated the FLSA or any other law, and asserted numerous affirmative defenses to those claims.[2]

4. On November 24, 2020, this Court conditionally certified the following collective class: "All current and formerly hourly employees of Defendant who worked over 40 hours in any workweek and were not fully compensated for all hours worked because they were unable to take an uninterrupted meal break of thirty (30) minutes."[3]

5. On July 22, 2021, the Parties mediated before third-party neutral, Mike Ungar, at which time they reached a settlement, and filed their Notice of Settlement on July 30, 2021.[4] At

---

[1] ECF No. 1.

[2] ECF No. 12.

[3] ECF No. 42. *See also* ECF No. 56.

[4] ECF No. 72.

the time of settlement, 561 individuals, including Representative Plaintiff, had joined the case.[5]

6. The Parties disagreed, and continue to disagree, as to, among other things, whether the case can proceed collectively, whether many of the Plaintiffs are bound by enforceable arbitration agreements, whether the alleged unpaid meal-break time was compensable or *de minimis*, whether liquidated damages were appropriate, and whether a two- or three-year statute of limitations would apply.

7. The Settlement Agreement provides for class-wide settlement, notice, administration, and distribution to Plaintiffs as outlined in the Settlement Agreement, along with its Exhibits A to B.

8. Settlement of FLSA claims is subject to approval by the Court.

9. The Settlement Agreement was achieved after arm's-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims, and with the assistance of third-party neutral, Mike Ungar.

10. The Court approves as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) as outlined in the Settlement Agreement. For purposes of this Approval Order, the Court further incorporates by reference the terms and definitions as set forth in the Settlement Agreement.

11. The Court approves the content, form, and distribution of the Notice of Settlement and distribution to all Plaintiffs as outlined in the Settlement Agreement.

12. The Court approves the Service Award for Representative Plaintiff in recognition of her services in this Action and as provided in the Settlement Agreement.

---

[5] ECF Nos. 1, 57-63, and 65-71.

13. The Court approves the payment of Plaintiffs' Counsel's attorneys' fees and expenses as provided in the Settlement Agreement, Joint Motion, and Declaration. Plaintiffs' Counsel has significant experience litigation wage and hour cases, and fees of one-third of a common fund are typical for FLSA collective actions.

14. The Court further approves reasonable increases above the current estimated costs, to be drawn solely from the Global Settlement Fund, to account for unforeseen costs incurred in effectuating notice and settlement.

15. The Court orders that payments from the Global Settlement Fund, including Representative Plaintiff's Service Award, Plaintiffs' Counsel's attorneys' fees and costs, the Settlement Administrator's costs, and distributions to Plaintiffs, be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

16. The Court dismisses, with prejudice, the claims of the Representative Plaintiff, individually and on behalf of all Opt-in Plaintiffs, as provided in the Settlement Agreement. As set forth in the Settlement Agreement, Representative Plaintiff and Opt-In Plaintiffs release all Released Claims against the Released Parties during the Released Period.

17. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

18. The Court retains jurisdiction over the Action to enforce the terms of the Settlement Agreement.

Greg N. Stivers, Chief Judge
United States District Court

October 14, 2021